UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81296-ROSENBERG

COREY MYKEL HEBRON,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE 1]. The Court has considered the Petition [DE 1], the Government's Response [DE 10], the Petitioner's Reply [DE 13], and the court file. For the reasons discussed below, the Petition is denied.

A Florida state court sentenced the Petitioner for battery on July 12, 2021. DE 10 at 2. The Petitioner did not appeal. After post-conviction proceedings, the Petitioner filed this habeas corpus Petition on September 19, 2023, raising four different grounds for his requested relief. DE 1. However, the Petitioner did not raise his second, third, and fourth grounds in his state court proceedings, which he concedes,[1] and as a result those grounds are not cognizable in this federal Petition. *See Upshaw v. Singletary*, 70 F.3d 576, 578-79 (11th Cir. 1995). The Court turns to the sole remaining ground in the Petition, which the Petitioner did raise in his state court proceedings, ground one.

Pursuant to 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable

---

[1] DE 1 at 9. The Petitioner has provided no basis for this Court to review his unexhausted grounds for relief.

determination of the facts in light of the evidence presented in the State court proceeding." Relatedly, a state court decision of law only warrants federal habeas relief if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).  Here, the Petitioner argues that his conviction violated the Florida speedy trial act. More specifically, while the Petitioner was being held in Palm Beach County on a separate matter, law enforcement in Miami-Dade County placed a detainer on the Petitioner; that detainer eventually culminated in the conviction before this Court.  The Petitioner argued before, as he argues now, that the time for computing his right to a speedy trial ran from the date the detainer was filed, not the date of his arrest by Miami-Dade County.  Using the date of the detainer as a starting point, he argues he was denied his right to a speedy trial.

Florida's Third District Court of Appeal denied the Petitioner relief on this ground for the reasons set forth in the State's response. *Hebron v. Florida*, No. 3D18-2210 (Jan. 11, 2019).  The State's response, adopted as the decision of the court, was as follows:

> Rule 3.191(a), Florida Rules of Criminal Procedure, provides that 'the time periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d).' Rule 3.191(d), in turn, provides that 'for purposes of this rule, a person is taken into custody: (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged.'
>
> Consistent with that language, Florida appellate courts have held that a defendant 'was not in custody for purposes of the speedy trial rule until his arrest for the underlying charges.' In the instant case, Hebron has not been arrested on the Miami-Dade charges. While an arrest warrant was issued, it has not been executed. Miami-Dade only lodged a detainer with the Palm Beach County Sheriff. While a 'formal' arrest is not always essential for the commencement of custody on the charged offenses, there must be something more than an investigatory detention. Several Florida appellate court opinions have held that the mere issuance of a detainer warrant does not constitute an arrest for purposes of the speedy trial rule.
>
> In the instant case, the only facts discernible from the record are that an arrest warrant was issued in Miami-Dade, but has never been executed, and that a detainer was issued by Miami-Dade, directing the Palm Beach Sheriff to notify Miami-Dade when Hebron is being released from his custody in Palm Beach County. Those facts do not constitute an arrest on the Miami-Dade County charges and do not trigger custody for the commencement of the running of the speedy trial period in Miami-Dade.

> Hebron's petition does not set forth any factual allegations that would, if true, rise to the level of an arrest. He does not allege that the Miami-Dade arrest warrant was executed. He does not allege facts that would rise to the level of an arrest on the Miami-Dade charges even without the execution of the arrest warrant. His petition for writ of prohibition is based solely on the fact that the detainer was lodged with the Palm Beach County Sheriff.
>
> . . . .
>
> Florida appellate courts, consistent with the actions of the lower court herein, have consistently held that a demand for speedy trial filed prior to the filing of an information is a nullity.

DE 12-1 at 133-40 (citations omitted).

The reasoning of the Florida appellate court, then, was that the Petitioner's right to a speedy trial did not begin to run until the Petitioner was arrested. That is not a "decision that was based on an unreasonable determination of the facts," and it was not contrary to established federal law. Indeed, the federal speedy trial act is much the same. *See* 18 U.S.C. § 3161. The Petitioner's ground one is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petitioner's Petition [DE 1] is **DENIED** as to Ground One, and Grounds Two, Three, and Four are **DISMISSED**;

2. Any pending motions are **DENIED** as moot;

3. A certificate of appealability **SHALL NOT ISSUE**; and

4. The Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 1st day of February, 2024.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3

cc: Counsel of Record

    Corey Mykel Hebron
    DC# G90383
    747 Evergreen Drive
    Inmate Mail/Parcels
    Lake Park, Florida 33403